UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JENNIFER REED, | ) | CASE NO. 1:08 CV 2863 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MIDLAND MORTGAGE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On December 12, 2008, pro se plaintiff Jennifer Reed filed the above captioned action against Midland Mortgage ("Midland"), Mortgage Electronics Registration Systems, Inc. ("MERS"), and MidFirst Bank of Oklahoma ("MidFirst"). In the complaint, plaintiff alleges the defendants foreclosed on her property. She asks this court to permanently enjoin the execution of the state court judgment.

Ms. Reed also filed an Application to Proceed In Forma Pauperis. That Application is granted.

### Background

Ms. Reed alleges her property located on Lee Heights Boulevard in Cleveland, Ohio,

is the subject of foreclosure litigation. That property was encumbered by a mortgage held by Midland. Ms. Reed defaulted on the mortgage and foreclosure proceedings were initiated by Midland in the Cuyahoga County Court of Common Pleas. She telephoned Midland in an attempt to negotiate a payment plan for the arrearage of approximately $ 7,000.00 and was told she could submit a hardship request. Ms. Reed states Cindy, the women with whom she spoke, was very unfriendly, shouted at her, and discouraged her from hiring an attorney in the foreclosure proceeding by suggesting it could negatively impact the company's decision to grant the hardship request. Believing her dealings with Cindy to be futile, she contacted Midland's attorney, Andrew Young. Although she provided him with informational documents, he did not process her hardship request. Instead, he proceeded with the foreclosure action and the sheriff's sale. MidFirst purchased the property.

Ms. Reed then attempted to redeem her property. She indicates she contacted the Clerk of Court and was told that under the Ohio Revised Code, she could retain her property if she paid the arrearage, plus the administrative fees. She calculates this amount to be between $ 10,000.00 and $ 14,000.00. She claims she contacted MidFirst to express her intent to redeem the property, but they refused to permit her to do so. They informed her they would consider selling her the property with a new loan application for $ 73,000.00. Ms. Reed contends the property was only appraised at $50,000.00, and sold at auction for $ 36,000.00. She describes the actions of the defendants as "a ruse designed to stealthily commit a disguised theft of my home and therefore deny my right under the U.S. Constitution to redeem my home from foreclosure for approximately between ...$10,000.00 and...$14,000.00 under R.C. 2329.33 as opposed to repurchase for $70,000.00." (Compl. at 3.) She asserts claims for denial of due process and equal protection, for

"predatory foreclosure practices as prohibited by the Uniform Commercial Code, the Interstate Compact on Commerce, and the Prohibition Against Unjust Enrichment." (Compl. at 1.) She seeks an order from this court permanently enjoining the transfer of title to the defendants.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, the complaint is not signed by Ms. Reed. Rather, it contains the signature of Michelle Garth, who purports to act on behalf of Ms. Reed through a Power of Attorney. Ms. Reed's alleged signature on the document identified as a Power of Attorney, was not witnessed. A separate page contains a signature on a line for a notary public; however, the line for the grantor's signature is blank.[2]

Assuming, without deciding, that this document is properly executed and legally

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] The Power of Attorney form indicates it was downloaded from the internet.

sufficient to convey a power of attorney, Ms. Garth's signature on the complaint is ineffective to give rise to federal court jurisdiction. Title 28 U.S.C. § 1654 specifies that cases in the courts of the United States may be conducted only by the parties personally or through licensed counsel. The Sixth Circuit has made it clear that, pursuant to § 1654, an individual may appear in federal court pro se to represent his or her own case, but is prohibited from appearing pro se where there are interests at stake other than that individual's. Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir.2003)(citing Iannaccone v. Law, 142 F.3d 553, 558 (2nd Cir.1998)("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause"). The statute clearly makes no provision for a non-lawyer's representation of others. Although a properly executed power-of-attorney can under its terms permit the holder to perform certain transactions on behalf of the grantor, it "cannot be used to circumvent a statutory prohibition" against the unauthorized practice of law. See Disciplinary Counsel v. Coleman, 724 N.E.2d 402, 404-405 (2000)(The use of a power of attorney as a contract to represent another in court violates the laws of Ohio). There is no indication that Ms. Garth is a lawyer admitted to practice in this state or this federal court. Her preparation and filing of the complaint in this case on behalf of Ms. Reed is therefore without effect and the court lacks jurisdiction to consider this matter. J.M. Huber Corp. v. Roberts No. 88-6160, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989).

## Conclusion

Accordingly, the Application to Proceed In Forma Pauperis is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: *February 4, 2009*

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5